UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-281-MOC
3:19-cr-41-MOC-DCK-1

| | |
|---|---|
| MAURICE DANTRELLE BURRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the *pro se* Petitioner's Motion to Reconsider the Denial of the Petition to Vacate, Set Aside, or Correct Sentence [Doc. 4] and his Request for a Certificate of Appealability [Doc. 5].

In the underlying criminal case, Petitioner pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute 50 grams or more of methamphetamine and aiding and abetting the same, and possession of a firearm by a convicted felon. [3:19-cr-41 ("CR") Doc. 3]. The Court imposed a downward variance sentence of 235 months' imprisonment followed by five years of supervised release. [CR Doc. 32]. The Fourth Circuit Court of Appeals dismissed his direct appeal. [CR Doc. 42].

Petitioner filed a § 2255 Motion to Vacate in the instant case raising claims of ineffective assistance of counsel. [Doc. 1]. The Court dismissed and denied the Motion to Vacate in an Order issued on July 14, 2022. Burris v. United States, 2022 WL 2759076 (4th Cir. 2022).

Petitioner claims that he did not receive a copy of the July 14 Order until a week after it

1

was issued; he filed the instant Motion for Reconsideration on August 14, 2022.[1] [Doc. 4]. He argues that: he suffers from a serious mental disability; he made it clear to counsel that he would not agree to any plea that categorized him as a career offender; he agreed to plead guilty when counsel promised that he would not be a career offender; he was designated a career offender even though one of his offenses does not qualify as a predicate offense (2007GS4702701);[2] counsel failed to timely and properly object to the career offender designation; counsel failed to discuss the PSR with him or explain that he could receive enhancements outside of the Plea Agreement; and "[a]ll these errors and omissions of defense counsel clearly prejudiced defendant, and directly led to the necessity of Petitioner pleading guilty, and receiving additional prison time." [Id. at 1-3]. He asks the Court to reconsider its dismissal Order, require the Government to answer his Motion to Vacate, and grant him all other relief it deems to be just. [Id. at 3-4].

It appears that the Petitioner is asking the Court to construe his Motion as one seeking relief under Fed. R. Civ. P. 59(e). A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

[2] The PSR identified three prior offenses upon which the career offender enhancement was based whereas only two were required to support the career offender enhancement. Moreover, the offense level was 38 without regards to the career offender enhancement, and the Court varied downward to a criminal history category of IV, which is the criminal history category the Petitioner would have had without the career offender enhancement. See [CR Doc. 26 at ¶¶ 41, 43, 54-55; (PSR); Doc. 33 (Statement of Reasons)].

2

(4th Cir. 2002).

Petitioner's Motion was filed 31 days after the Court issued its July 14 Order. A court "must not" extend the time to act under Rule 59(e). Fed. R. Civ. P. 6(b)(2). The Motion is, therefore, untimely under Rule 59(e) and, to the extent that Petitioner seeks relief under that Rule, it is denied.[3]

The Court liberally construes the Motion as seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure, which permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion

---

[3] The Motion would be denied even if it were timely filed under Rule 59(e) because Petitioner has failed to demonstrate that there has been an intervening change in controlling law, that there is new evidence that was not available at trial, that there has been a clear error of law, or that relief is required to prevent manifest injustice.

3

falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted).

Petitioner does not specify which of the Rule 60(b) grounds upon which he relies for relief from judgment, and no basis for relief is apparent from a careful review of the record. He essentially reiterates his claims for § 2255 relief and expresses disagreement with the Court's conclusions in denying the Motion to Vacate. See United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, … it is not authorized by Rule 60(b)); see also United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (Rule 60(b) motions that would allow the applicant to evade the bar against re-litigation of claims should be treated as successive § 2255 petitions), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015). Petitioner has failed to state any basis to reconsider the denial of his Motion to Vacate and his Motion seeking reconsideration will, therefore, be denied.

The Petitioner has also filed a Request for the Court to issue a certificate of appealability with regards to the Order denying his Motion to Vacate.[4] [Doc. 5]. The Request will be denied as moot because the Court previously denied a certificate of appealability in its July 14 Order. See [Doc. 2 at 17].

**IT IS, THEREFORE, ORDERED** that:

---

[4] The Request is subject to being stricken because it is unsigned. See Fed. R. Civ. P. 11(a). The Court will not order Petitioner to correct the defect at this time, however, because the Request would be denied as moot even if it were signed.

4

1. Petitioner's Motion to Reconsider the Denial of the Petition to Vacate, Set Aside, or Correct Sentence [Doc. 4] is **DENIED**.

2. Petitioner's Request for a Certificate of Appealability [Doc. 5] is **DENIED as moot**.

Signed: November 18, 2022

Max O. Cogburn Jr
United States District Judge

5

Case 3:22-cv-00281-MOC   Document 6   Filed 11/21/22   Page 5 of 5